IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHNNIE BANKSON,**<br>**No. R16224,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )   Case No. 15-cv-01275-NJR<br>) |
| **ILLNOIS DEPT. OF CORRECTIONS,**<br>**JOHN R. BALDWIN, and**<br>**MICHAEL WILLIAMS,** | )<br>)<br>)<br>) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Johnnie Bankston is an inmate currently housed in Pontiac Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights and the violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.* More specifically, he alleges prison officials did not allow him to practice his religion (Nations of God & Earth) while housed at Shawnee Correctional Center, which is located in the Southern District of Illinois.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The preliminary review begins and ends with the observation that Plaintiff has not signed the complaint, as required by Federal Rule of Civil Procedure 11(a).

A review of the record reveals that Plaintiff signed other documents submitted along with the complaint, such as a motion for leave to proceed as a pauper and motion for counsel. Thus, it does not appear that the complaint was electronically filed in error.

### Disposition

**IT IS HEREBY ORDERED** that, because it is not signed, the complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **January 4, 2016**, Plaintiff shall file a signed amended complaint. The entire amended complaint must be filed, as though starting anew. Failure to submit an amended complaint by the prescribed deadline may result in the dismissal of this case with prejudice for failure to comply with a court order, and for failure to prosecute this action.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 14, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**