IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNIE BANKSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-1275-NJR-DGW |
| | ) |
| MICHAEL WILLIAMS, WILLIAM CHRISTOPHER, and JEFFREY DENNISON, | ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 83), which recommends denying the motion for summary judgment on the issue of exhaustion of administrative remedies filed by Defendant Michael Williams (Doc. 49). Neither party filed an objection to the Report and Recommendation. For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation and denies the motion for summary judgment.

### BACKGROUND

Plaintiff Johnnie Bankston, an inmate of the Illinois Department of Corrections currently incarcerated at Shawnee Correctional Center, filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights (Doc. 1). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Bankston was permitted to proceed on a First Amendment claim and a claim under the Religious Land Use and Institutional Persons Act (RLUIPA) against Defendant Michael Williams, the chaplain at Shawnee, based

on Williams's alleged refusal to hold services for the Nation of Gods and Earths, which is the religion Bankston practices (Doc. 18).

Defendant Williams filed a motion for summary judgment on February 24, 2017, arguing that Bankston failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act (Doc. 49).[1] Bankston filed a response in opposition to the motion for summary judgment (Doc. 59). In accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on July 5, 2017 (Doc. 82). On July 12, 2017, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court, in which he recommends denying the motion for summary judgment (Doc. 83). Objections to the Report and Recommendation were due on or before July 31, 2017. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). As previously mentioned, neither party filed an objection.

## ANALYSIS

Where neither timely nor specific objections to the Report and Recommendation are made, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has carefully reviewed the briefs and exhibits submitted by the parties, as well as Magistrate Judge Wilkerson's Report and Recommendation. Following

---

[1] On May 4, 2017, after Defendant Williams filed his motion for summary judgment, Bankston was granted leave to file an amended complaint (Doc. 64). His amended complaint included additional claims against Defendants William Christopher and Jeffery Dennison; however, Bankston's claims against Defendant Williams remained the same (*see* Docs. 64, 65).

this review, the undersigned fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and adopts the Report and Recommendation in its entirety.

Bankston testified that he submitted grievances to his counselor on May 16, 2015, and June 17, 2015, that complained about Defendant Williams's handling of his requests for religious services. According to Bankston, he never received a response to either grievance. Magistrate Judge Wilkerson found Bankston's testimony credible, and that credibility determination is entitled to deference. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). Because Bankston took the steps required of him to informally resolve his grievance, but his counselor failed to provide a written response, the grievance process was rendered unavailable. *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (citing *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)). Therefore, Bankston is deemed to have exhausted his administrative remedies. *Lewis*, 300 F.3d at 833.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 83) and **DENIES** the motion for summary judgment on the issue of exhaustion filed by Defendant Michael Williams (Doc. 49).

**IT IS SO ORDERED.**

**DATED: August 2, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**